UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM D. SHIVES

MICHELLE D. SHIVES

    Plaintiffs,

V.                                                        CIVIL ACTION NO

MIG CAPITAL MANAGEMENT, INC.

    Defendant.                                    AUGUST 30, 2010

## COMPLAINT

1. Plaintiffs seek relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff William D. Shives and Michelle D. Shives are natural people who reside in Glen Burnie, MD.

4. Defendant is a licensed collection agency and has a place of business at 5811 MEMORIAL HIGHWAY, SUITE 206, TAMPA, FL 33615-0000

5. Plaintiffs are consumers within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiffs or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. The Plaintiff William Shives was contacted by the Defendant via telephone, from a collection agent who identified herself as Iris Locklear and she attempted to collect a debt alleged by Defendant to be owed by Plaintiff William Shives daughter Michelle Shives.

10. The Defendant advised Plaintiff William Shives that he had no right to dispute the alleged debt owed. This statement is false misleading and deceptive in violation of §1692e and §1692g.

11. Plaintiff William Shives advised the Defendant that this was not his debt and he was not legally responsible for this debt.

12. Defendant called the Plaintiff William Shives numerous times, including April, 2010, May, 2010, June 8, 2010 and June 11, 2010 on a debt he did not owe and intended to harass him in violation of the FDCPA.

13. Defendant advised the Plaintiff William Shives that if he didn't pay this debt immediately, the collector would destroy his good credit rating, which overshadowed the validation of debt clause and other subsections of the FDCPA.

14. Defendant through their collection agent Iris left a voicemail message on the phone of William Shives (not obligated on this alleged debt) that a "preliminary judgment was tacken on this debt." This statement is false, deceptive and misleading in violation of §1692e.

15. Plaintiff retained the undersigned attorney to represent her interests in this FDCPA claim.

16. The undersigned drafted a pre-suit demand and advised the Defendant that I represented the Plaintiff's and made a pre-suit demand.

17. The Defendant through their agent who identified himself as Maritz Scilla, who works for MIG Capital Management, sent me a letter, dated July 2, 2010.

18. The Defendant through their agent Maritz Scilla, attempted to collect the alleged consumer debt, without providing the undersigned Plaintiff's attorney, the required §1692e (11) notice. (Sayyed v. Wolpoff & Abramson, 458 F.3d 226 (4th Cir. 2007).

19. The Defendant through their agent Maritz Scilla, attempted to collect the alleged consumer debt, and made a settlement offer as follows:

"Michelle Shives principle balance is $4,748.54, the number I proposed to you was based on a balance of $1,672.37 which was not the correct balance due from your client. Given the corrected balance, the proposed settlement would be a deduction of $1,424.56 bringing the new balance to $3,323.98, therefore, your client would receive a $2,000 settlement from MIG and a $1,424.56 reduction from the creditor which amounts to $3,424.56 in value."

20. The Defendant misstated the amount of debt the consumer owed and attempted to collect two different amounts, of debt, which would likely confuse the least sophisticated consumer, and violate the FDCPA.

21. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

**SECOND COUNT:**

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

23. The Defendant communicated with William Shives and discussed the debt alleged to belong to Plaintiff Michelle Shives in violation of §1692c (b).

24. The Defendant communicated with a third party attempting to collect a debt alleged to be owed by Michelle Shives in violation of the FDCPA.

25. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692c, e, f and g.

**THIRD COUNT:**

26. The allegations of the First Count are repeated and realleged as if fully set forth herein.

27. Within three years prior to the date of this action Defendant has engaged in

acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

28. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiffs respectfully requests this Court to:

1. Award Plaintiffs statutory damages pursuant to the FDCPA on Count I.

2. Award Plaintiffs statutory damages pursuant to the FDCPA on Count II.

3. Award Plaintiffs statutory damages pursuant to the MCDCA on Count III.

4. Award such other and further relief as this Court may see fit.

`

THE PLAINTIFFS

BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com